UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      Case No. 2:05-cr-23
                                                          HON. GORDON J. QUIST

PATRICK LAWRENCE SEYMOUR,

    Defendant.
_____/

## OPINION AND ORDER

        Defendant Patrick Lawrence Seymour was charged in an Indictment issued on April 18, 2005, with conspiracy to distribute cocaine base, aiding and abetting possession with intent to distribute cocaine base, and conspiracy to distribute and to possess with intent to distribute marijuana. Counts I and II of the indictment carry mandatory minimum sentences of five years in prison with a maximum of 40 years in prison. The government has moved for detention, maintaining that the defendant represents a danger to the community and presents a risk to prospective witnesses. Pursuant to 18 U.S.C. § 3142(e), the government is entitled a rebuttable presumption. A hearing was held on the government's motion for detention on April 25, 2005.

        Testifying at the hearing were Officers David Mlostek and Robert LaMarche of the Escanaba Police Department. The officers offered testimony establishing that defendant has a history of violence and is a member of a motorcycle gang which has a reputation for violence and involvement in criminal drug activities. According to Officer Mlostek, in 1997 the defendant made threats against Officer Mlostek and Officer Mlostek's family. According to Officer LaMarche, defendant recently informed UPSET Officer Hunter that he was going to "break your fucking neck."

Plaintiff has a significant history of substance abuse and tested positive for cocaine and marijuana when interviewed by Pretrial Services on April 21, 2005.

Defendant offered no witnesses at the detention hearing, but made a proffer. Defendant did not deny that he made the remark to Officer Hunter. Defendant did not deny that he has a history of violence.

When considering a motion for detention made pursuant to 18 U.S.C. § 3142, the Court is to consider the factors identified in subsection (g) of that provision. This includes the nature and circumstances of the offense charged, the weight of the evidence against the person, and the history and characteristics of the person.

The charges against the defendant are serious drug offenses. No evidence was offered regarding the weight of the evidence against the defendant and therefore the Court finds that probable cause, and no more, exists based on the indictment returned by the Grand Jury. The history and characteristics of the defendant as testified to by Officers Mlostek and LaMarche establish that the defendant has a violent history and significant substance abuse problems. The unrebutted remark defendant allegedly made to Officer Hunter supports the motion for detention. More importantly, the entire record of violent conduct and substance abuse establishes that there is clear and convincing evidence that the defendant presents a risk of danger to the community and potential witnesses if he is released. Accordingly, defendant will be detained pending further proceedings.

IT IS HEREBY ORDERED that the government's motion for pretrial detention (Docket #11) is GRANTED.

IT IS FURTHER ORDERED that, pursuant to 18 U.S.C. § 3142(i), defendant shall be placed in the custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody

pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with his counsel and, on order of any court of the United States or on request of an attorney for the government, the accused shall be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

    IT IS SO ORDERED.

                          /s/ Timothy P. Greeley
                          TIMOTHY P. GREELEY
                          UNITED STATES MAGISTRATE JUDGE

Dated: April 25, 2005