```
              UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF MICHIGAN
                   NORTHERN DIVISION
```

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                         Case No.  2:05-cr-23

PATRICK LAWRENCE SEYMOUR,        HON. GORDON J. QUIST

        Defendant.
_____/

REPORT AND RECOMMENDATION

        Pursuant to W.D. Mich. LCrR 11, I conducted a plea hearing in this case on September 28, 2005.  At the hearing, defendant entered a plea of guilty to the Superseding Felony Information, charging him with Count I - Conspiracy to Distribute and to Possess with Intent to Distribute Marijuana, and Count II - Misprision of a Felony, in exchange for the undertakings made by the government in the written plea agreement.  On the basis of the record made at the hearing, I find that the defendant is fully capable and competent to enter an informed plea; that the plea is made knowingly and with full understanding of each of the rights waived by defendant; that it is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; that the defendant understands the nature of the charge and penalties provided by law; and that the plea has a sufficient basis in fact.

I therefore recommend that defendant's plea of guilty to the Superseding Felony Information be accepted, that the Court adjudicate defendant guilty of the charges set forth in the Superseding Felony Information, and that the written plea agreement be accepted at the time of sentencing.  I further recommend that pending sentencing in this matter detention be continued. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.

      /s/ Timothy P. Greeley
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE

Dated: Sept. 28, 2005

**NOTICE TO PARTIES**

You have the right to <u>de novo</u> review of the foregoing findings by the district judge.  Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than ten days after the plea hearing.  Failure to file objections within ten days constitutes a waiver of any further right to challenge the plea of guilty in this matter.  See **W.D. Mich. LCrR 11.**